IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEWIS MITCHELL,           ) | |
|     Plaintiff,           ) | |
|                      ) | |
| vs.           ) | CIVIL ACTION NO.: 11-00687-KD-M |
|                      ) | |
| ROBERT BENTLEY, *et al.*,           ) | |
|     Defendants.           ) | |

**ORDER**

This matter is before the Court "Plaintiff's Motion for Reconsideration of Order Denying request for Temporary Restraining Order and Preliminary Injunction." (Doc. 13). Plaintiff seeks reconsideration of this Court's February 17, 2012 Order (which *sua sponte* reconsidered the February 16, 2012 Order concerning "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support. " (Docs. 10, 11, 12).

At the outset, Plaintiff does not indicate whether his motion is filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Given that the motion was filed within ten (10) days of the Court's February 17, 2012 Order (Doc. 12) and seeks to alter a substantive aspect of the ruling (versus collateral), the Court construes the motion as filed pursuant to Rule 59(e). See, e.g., Finch v. City of Vernon, 845 F.2d 256 (11th Cir. 1988); U.S. v. Real Property and Residence Located at Route 1, Box 111, Firetower Road, Semmes, Mobile Cty., Ala., 920 F.2d 788, 791 n. 3 (11th Cir. 1991); Brown v. Spells, Slip Copy, 2011 WL 4543905, *1-2 (M.D. Ga. Sept. 30, 2011). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5 (2008) (internal citations omitted). The moving party must do more than merely ask the Court for a reevaluation of an unfavorable ruling; he is required to present a showing of "newly-discovered evidence or manifest error

of law or fact." Jacobs v. Tempu–Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).

In conclusory fashion, Plaintiff moves the Court to reconsider its February 17, 2012 ruling because "this court has proper jurisdiction to issue a temporary restraining order as to Defendant Taishiera Parker, and as to Defendant Parker's attorney." (Doc. 13 at 2).  As to Defendant Parker, the motion lacks merit because the Court cannot reconsider a ruling it did not make.  In his original motion (Doc. 10), Plaintiff did not move for entry of a temporary restraining order or injunctive relief as to Defendant Parker.  Instead, Plaintiff sought entry of a temporary restraining order and preliminary injunction against the Probate Court and/or counsel for Defendant Parker.  Moreover, as to injunctive relief against the Probate Court and/or Defendant Parker's attorney, Plaintiff appears to concede that the Probate Court cannot be enjoined because it is a non-party: "[i]t is correct that the Probate Court…is not a party to this action." (Doc. 13 at 1).  Concerning Defendant Parker's attorney (Charles L. Miller, Jr.), Plaintiff has neither articulated "newly-discovered evidence or manifest error of law or fact" nor provided the Court with any case law or grounds for the relief requested against this non-party who is also Defendant Parker's attorney.

Accordingly, as Plaintiff has failed to provide any grounds meriting reconsideration of the Court's February 17, 2012 Order (Doc. 12), his Motion for Reconsideration (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** this the **28**[th] day of **February 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE
UNITED STATES DISTRICT JUDGE**