IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEWIS MITCHELL,                          :

     Plaintiff,                         :

vs.                                      :       CIVIL ACTION 11-0687-KD-M

ROBERT BENTLEY, et al.,                  :

     Defendants.                        :


REPORT AND RECOMMENDATION

The Motions to Dismiss (Docs. 6, 16) filed by Defendants Robert Bentley, Luther Strange, and Taishiera Parker have been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  After consideration, it is RECOMMENDED that the motions to dismiss be granted.

The facts are, briefly, as follow. Defendant Taishiera Parker ("Parker") was a plaintiff in a civil case in the Circuit Court of Mobile County, Alabama ("Circuit Court"), case number 08-cv-900721, against various defendants for the death of her child ("deceased child"). *See Taishiera Parker, et al. v. Mobile*

*Gas Service Corporation, et al.*, 08-cv-900721, Docket.[1]  The
parties reached a settlement, and a hearing was held in Circuit
Court on or about March 4, 2011 in which the settlement was
approved. *Id.*, Order dated March 4, 2011.  Plaintiff did not
receive any monies from this settlement (*see* Doc. 7-1).

On March 15, 2011, Plaintiff filed a Motion to Intervene
and a Motion for Reconsideration of Order of March 4, 2011, or,
Alternatively, Mitchell's Rule 60(b) Motion for Relief from the
March 4, 2011 Order Approving Settlement and Determining the
Heirs Of [the] Deceased ("Motion for Reconsideration").
*Taishiera Parker, et al. v. Mobile Gas Service Corporation, et
al.*, 08-cv-900721, Docket.  The Circuit Court docket sheet lists
attorney Ronnie Williams as Plaintiff's attorney on March 15,
2011. *Id.*  Also, Plaintiff is listed as a party on the docket
sheet as of March 15, 2011. *Id.*  In the Motion for
Reconsideration, Plaintiff states that his paternity has been
established, he is an heir of the deceased child, Defendant
Parker made false representations to the state court, and that
the March 4, 2011 Order was void due to lack of subject matter

---

[1] In *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th
Cir. 1999), the Eleventh Circuit Court of Appeals held that a
U.S. District Court "was authorized at the motion to dismiss
stage to take judicial notice of relevant public documents."
This Court takes notice of the state court case relevant in this
action.

jurisdiction. *Taishiera Parker, et al. v. Mobile Gas Service Corporation, et al.*, 08-cv-900721, Motion for Reconsideration.

The Circuit Court entered an order on April 18, 2011 that granted Plaintiff's Motion to Intervene, but denied the Motion for Reconsideration (Doc. 7-1).  Within the order, the Circuit Court stated as follows:

> The Court **heard all the testimony**, including extensive testimony from Taishiera Parker which revealed that the Intervener never voluntarily contributed anything toward child support and provided no other support for the minor child ... Additionally, the Intervener never acknowledged the child as his own.  While the Intervenor claimed that he had occasionally kept the child as an infant, he offered no other evidence that he had contributed anything toward the raising of the child or ever[] held the child out as his own.
>
> At the conclusion of the testimony, the Court held that since the Intervenor contributed nothing, either financially or emotionally while [the deceased child] was alive and never acknowledged [the deceased child] as his child, he was entitled to take nothing as a result of her death. To allow him to do so would be the worst form of profiting from a tragic death.

(Doc. 7-1, pp. 1-2)(emphasis added).  No Rule 59(e) Motion to Alter, Amend, or Vacate Judgment was filed by Plaintiff. *See Taishiera Parker, et al. v. Mobile Gas Service Corporation, et al.*, 08-cv-900721, Docket.  Instead, Plaintiff appealed the Circuit Court's decision to the Supreme Court of Alabama, *Taishiera Parker, et al. v. Mobile Gas Service Corporation, et al.*, 08-cv-900721, Docket, which affirmed the Circuit Court's decision, with no opinion (Doc. 7-3).  An application for

rehearing was filed, but the motion was overruled on November 10, 2011 (Doc. 7-4).

On December 5, 2011, Plaintiff filed this action wherein Plaintiff challenges the constitutionality of Alabama Code § 43-8-48, which defines the parent and child relationship in regards to intestate succession (Doc. 1, pp. 1-2). Also, Plaintiff claims that the trial court deprived him of his due process right to establish that he had a significant relationship with the deceased child in accordance with Alabama Code § 43-8-48 (Doc. 1, p. 2).[2] On January 30, 2012, Defendants Robert Bentley and Luther Strange ("State Defendants") filed their Motion to Dismiss and a brief in support thereof and argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine (Docs. 6, 7). On February 16, 2012, Plaintiff filed his response to State Defendants' Motion to Dismiss explaining why

---

[2] Where a plaintiff inadequately pleads a due process claim such as "alleg[ing] due process violations [by an entity], who is not named as a [d]efendant, but makes no such claims against the named [d]efendants...[the] [p]laintiff's due process claims are inadequately pled and must be" dismissed. *Alexander v. San Diego Unified Sch. Dist.*, 2009 WL 3299813, *7 (S.D. Cal. Oct. 13, 2009). The Court notes that Plaintiff fails to name any Defendant in this action that represents the Circuit Court of Mobile County, Alabama or that had authority over the court proceedings on the date of his testimony in question, specifically at the March 4, 2011 hearing (*see* Doc. 1, pp. 2-3, Complaint, Section IV Parties). Therefore, Plaintiff's due process claim is due to be dismissed for this reason as well as *Rooker-Feldman* doctrine preclusion.

his claims are not barred (Doc. 9).  Plaintiff's response states
that at the March 4, 2011 hearing the Circuit Court did not give
Plaintiff the proper opportunity to prove his relationship with
the deceased child and he was not a party at the time the
intestate heirs and settlement was approved; thus, Plaintiff was
not a party to the state action (Doc. 9, pp. 6-7).  Second,
Plaintiff argues that he did not have a reasonable opportunity
to raise his Federal claims at the March 4, 2011 hearing (Doc.
9, p. 12).  Third, Plaintiff states that he did not have an
opportunity to challenge the constitutionality of Alabama Code §
43-8-48 since he was not able to give adequate notice to the
Attorney General (Doc. 9, p. 13).  Fourth, Plaintiff asserts
that he could not raise the issue of whether Alabama Code § 43-
8-48 was unconstitutional on appeal since it was not an issue
raised before the trial court (Doc. 9, pp. 13-14).

On March 13, 2012, Defendant Parker filed a Motion to
Dismiss with an accompanying brief which explained that she
should be dismissed from this action because she was not
properly served, and based on the principles of *res judicata* and
the *Rooker-Feldman* doctrine (Docs. 16, 17).  On April 3, 2012,
Plaintiff filed a response to Defendant Parker's Motion to
Dismiss explaining how she had been personally served, adopting
and incorporating his response to State Defendants' Motion to
Dismiss in regards to why this action is not barred by the

*Rooker-Feldman* doctrine, and stating that *res judicata* is not applicable in this action (Doc. 23).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), cert. denied, 502 U.S. 810 (1991).

Plaintiff complains that Alabama Code § 43-8-48 is unconstitutional and violates the Equal Protection clause.  This code section is housed under Article 3 regarding Intestate Succession, and reads as follows:

Parent and child relationship.

> If, for purposes of intestate succession, a
> relationship of parent and child must be established
> to determine succession by, through, or from a person:
>   (1) An adopted person is the child of an adopting
>   parent and not of the natural parents except that
>   adoption of a child by the spouse of a natural
>   parent has no effect on the right of the child to
>   inherit from or through either natural parent;
>   (2) In cases not covered by subdivision (1) of
>   this section, a person born out of wedlock is a
>   child of the mother. That person is also a child
>   of the father, if:
>     a. The natural parents participated in a
>     marriage ceremony before or after the birth of
>     the child, even though the attempted marriage
>     is void; or
>     b. The paternity is established by an
>     adjudication before the death of the father or
>     is established thereafter by clear and
>     convincing proof, but the paternity
>     established under this paragraph is
>     ineffective to qualify the father or his
>     kindred to inherit from or through the child
>     unless the father has openly treated the child
>     as his, and has not refused to support the
>     child.

Ala. Code § 43-8-48 (1975). The Circuit Court used this code

section to determine whether Plaintiff was the deceased child's

father for purposes of intestate succession during the March 4,

2011 hearing as well as in its April 18, 2011 Order (*see* Docs.

1, 7, and 9).

    The Court will first consider whether the *Rooker-Feldman*

doctrine precludes this action from coming before this Court.

"[U]nder what has come to be known as the *Rooker-Feldman*

doctrine, lower federal courts are precluded from exercising

appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 1201 (U.S. 2006).

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the U.S. Supreme Court held that a federal district court may not review the final decisions of a state court of competent jurisdiction.  Such review rests solely in the United States Supreme Court.  The Supreme Court reaffirmed this principle in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 &  n. 16, 103 S. Ct. 1303, 1315 & n. 16, 75 L. Ed. 2d 206 (1983).  The *Feldman* Court stated:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions ... If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding ... then the district court is in essence being called on to review the state-court decision. This the district court may not do.

*Id*. at 483-84 n. 16, 103 S. Ct. at 1315-16 n. 16 (citation and quotation omitted).  Because a federal district court has no authority to review the final judgment of a state court in a judicial proceeding, such review must be taken by appeal to the appropriate state courts and then to the United States Supreme Court.  *Feldman*, 460 U.S. at 482.

An exception to the *Rooker-Feldman* doctrine exists, however, in that the doctrine does not apply when the plaintiff

has no "reasonable opportunity to raise his federal claim in state proceedings." *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983), cert. denied, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); *see also Gogola v. Zingale*, 141 Fed.Appx. 839, 842, 2005 WL 1669606, *3 (11th Cir. July 19, 2005). However, "[a] litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment." *Franklin v. Palughi*, 2001 WL 530434, *3 (S.D. Ala. 2001) (citing *Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996)).

> Three criteria must be met for the doctrine to apply:
>
> (1) [T]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party; (2) the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment; and (3) the federal claim must not be parallel to the state-court claim.

*Lance*, 546 U.S. at 462 126 S.Ct. at 1200 (citation and quotations omitted).  The Supreme Court has stated that the *Rooker-Feldman* doctrine only applies to federal cases filed after the state court proceedings have ended. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 1517, 161 L.Ed.2d 454 (2005).  When there are parallel state and federal cases, "*Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id*. at 292, 125 S.Ct. at 1517.

Also, the Eleventh Circuit has identified two "scenarios" where a federal claim is inextricably intertwined with a state-court judgment: "(1) where the success of the federal claim would effectively nullify the state-court judgment; and (2) where the federal claim succeeds only to the extent that the state wrongly decided the issues." *Springer v. Perryman*, 401 Fed.Appx. 457, 458, 2010 WL 4230633, *1 (11th Cir. Oct. 27, 2010) (per curiam) (citation and quotations omitted).  For example, claims are inextricably intertwined with a state court judgment when a plaintiff "by challenging the constitutionality of [a state] statute, in essence, [i]s attempting to reverse the state court's order ..." *Gogola*, 141 Fed. Appx. at 842. Specifically in *Gogola*, the plaintiff argued that Florida's alimony statute was unconstitutional and violated his due process rights after he was ordered by a state court to provide alimony to his ex-wife upon the dissolution of their marriage. *Id*. at 840-842.  The defendants argued in their motion to dismiss that the *Rooker-Feldman* doctrine precluded plaintiff from bringing his suit challenging the state alimony law.  *Id*. at 841.  Plaintiff responded as follows:

> the defendant's motion to dismiss should be denied ... (1) because he was raising a general constitutional challenge to the alimony provisions, the Rooker-Feldman doctrine was inapplicable,[and] (2) since he was not asking the court to issue a divorce, alimony, or custody decree, the court should not abstain from reviewing his claims ...

*Id.* at 841.   However, the federal district court found that
plaintiff's claims were indeed barred by the *Rooker-Feldman*
doctrine.   Plaintiff then appealed the district court's
decision, but the Eleventh Circuit Court Appeals affirmed the
district court and stated as follows:

> [plaintiff]'s claims were "inextricably intertwined"
> with the state court's judgment because [plaintiff],
> by challenging the constitutionality of the alimony
> statute, in essence, was attempting to reverse the
> state court's order regarding the payment of alimony.
> Additionally, [plaintiff] had a reasonable opportunity
> to raise his federal claims in state court ...

*Id.* at 842.

The Court will now look to the first prong of the *Rooker-*
*Feldman* test, which is whether the party in federal court is the
same as the party in state court.   *Lance*, 546 U.S. at 462, 126
S.Ct. at 1200.   On March 15, 2011, eleven days after the Circuit
Court approved the settlement which excluded Plaintiff from
receiving any money as an intestate successor of the deceased
child, Plaintiff filed a Motion to Intervene. *Taishiera Parker,*
*et al. v. Mobile Gas Service Corporation, et al.*, 08-cv-900721,
Docket.   Plaintiff's Motion to Intervene was granted on April
18, 2011 (Doc. 7-1).   Thus, as of April 18, 2011 Plaintiff was
indeed a formal party to the state court action.   Also, as of
March 15, 2011, the state court docket reflects that attorney
Ronnie Williams represented Plaintiff.   *Taishiera Parker, et al.*

11

*v. Mobile Gas Service Corporation, et al.*, 08-cv-900721, Docket. Therefore, as of March 15, 2011 Plaintiff had legal representation to protect his rights and file any necessary motions in regards to requesting a continuance, requesting the March 4, 2011 be amended or vacated, or filing and submitting evidence along with a motion demonstrating Plaintiff's relationship with the deceased child.

While Plaintiff argues that he was not a party to the state court action since he was not a party to the action as of the March 4, 2011 hearing and order, this Court finds that Plaintiff was indeed a party to the state court action.  Specifically, Plaintiff could have filed a meaningful Rule 59(e) Motion to Alter, Amend or Vacate a Judgment, which could have been "filed not later than thirty (30) days after entry of the judgment." Ala.R.Civ.P. 59(e).  Plaintiff obtained representation and filed two motions eleven days after the March 4, 2011 order was entered regarding approving the settlement.  Plaintiff's attorney could have filed an appropriate Rule 59(e) motion or raised a Rule 59(e) argument including his due process and constitutional challenges along with a request for a continuance at the time he filed the other motions, but he did not.  Also, Plaintiff could have filed additional motions after the April 18, 2011 order granting his Motion to Intervene once he was a formal party to the action, but did not.  Instead, Plaintiff

filed an appeal immediately, which prevented him from raising
his argument challenging the constitutionality of Alabama Code §
43-8-48.  Thus, Plaintiff was a formal party to the state court
action.

Second, this Court looks to whether the issues in this
action were either adjudicated by the Circuit Court or
inextricably intertwined with the Circuit Court's judgment.
*Lance*, 546 U.S. at 462, 126 S.Ct. at 1200.  Within the Circuit
Court's order, it stated that it had "heard all the testimony"
regarding Plaintiff's relationship with the deceased child to
determine intestate succession (Doc. 7-1, p. 1).  Since the
Circuit Court considered that it had received all the testimony
and Plaintiff now argues that the Circuit Court did not have all
the testimony necessary (i.e., all of his testimony) to make a
proper determination of intestate succession, the argument in
and of itself demonstrates that Plaintiff's due process argument
is inextricably intertwined with the Circuit Court's
adjudication of the issue.  Also, Plaintiff argues that the
issues presented before this Court have not been adjudicated or
intertwined with the Circuit Court's judgment since he was not
able to raise his argument that Alabama Code § 43-8-48 is
unconstitutional.  However, the Circuit Court applied Alabama
Code § 43-8-48 to approve the settlement and to determine the
heirs of the deceased child at the March 4, 2011 hearing, as

13

evidenced in the April 18, 2011 Order (*see* Doc. 7-1, pp. 1-2).
Alabama Code § 43-8-48 is inextricably intertwined with the
Circuit Court's judgment because the code section was used to
determine that Plaintiff was not an intestate heir of the
deceased child due his failure to meet the code's criteria of
being a "father" that is also an intestate heir of a deceased
child (*see* Doc. 7-1, pp. 1-2).  Moreover, similar to the facts
in *Gogola*, Plaintiff argues that he merely seeks to challenge
the constitutionality of the state law, "but by challenging the
constitutionality of the [state] statute, in essence, [he] [i]s
attempting to reverse the state court's order regarding the
[non] payment" of settlement funds. *Gogola*, 141 Fed. Appx. at
842.  Thus, Plaintiff's claims are inextricably intertwined with
the state court judgment.

Third, this Court looks to whether or not the federal claim
is parallel to the state court claim.  *Lance*, 546 U.S. at 462,
126 S.Ct. at 1200.  Here, the federal case was indeed filed by
Plaintiff after the Supreme Court of Alabama reaffirmed the
Circuit Court's decision on appeal (*see* Docs. 1, 7-3).  *Exxon
Mobil Corp.*, 544 U.S. at 291, 125 S.Ct. at 1517.  Thus, there is
no parallel state court claim.

Fourth, this Court turns to the exception to the *Rooker-
Feldman* doctrine, namely, whether the Plaintiff had a reasonable
opportunity to raise its federal claims in the state court

14

proceeding. *Wood*, 715 F.2d at 1547; *Gogola*, 141 Fed. Appx. at 842. As explicated above, Plaintiff upon obtaining counsel had a reasonable opportunity to raise his federal claims in the state court proceeding. Plaintiff had 30 days from the March 4, 2011 Order approving the settlement and determining the heirs of the deceased child to raise his arguments now before this Court, namely, that Alabama Code § 43-8-48 is unconstitutional and the Circuit Court violated his due process rights by denying him the ability to demonstrate his relationship with the deceased child (*see* Doc. 1). In light of the necessity to notify the Alabama Attorney General where laws are challenged based on constitutionality, even Plaintiff states a scenario where such could be possible i.e., Plaintiff could have asked for a continuance with a motion (*see* Doc. 9, p. 13). Plaintiff's attorney filed a notice of appearance and two motions on behalf of Plaintiff, and at that time had the reasonable opportunity to raise the constitutional issues that are now before this Court. As such, Plaintiff had a reasonable opportunity to raise his federal claims in the state court proceeding.

In conclusion, for the reasons set out above, the Court finds that the *Rooker-Feldman* doctrine precludes this Court from having proper jurisdiction over this action, and that there is no proper party named to be at fault for Plaintiff's due process claim. Therefore, it is **RECOMMENDED** that the State Defendants

and Defendant Parker's Motions to Dismiss be granted (Docs. 6,

16) and that this action be dismissed with prejudice.


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a *de novo*
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C);
*Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.
Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a matter
> excepted by 28 U.S.C. § 636(b)(1)(A), by filing a
> "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being served
> with a copy of the recommendation, unless a different time
> is established by order.  The statement of objection shall
> specify those portions of the recommendation to which
> objection is made and the basis for the objection.  The
> objection party shall submit to the district judge, at the
> time of filing the objection, a brief setting forth the
> party's arguments that the magistrate judge's
> recommendation should be reviewed *de novo* and a different
> disposition made.  It is insufficient to submit only a copy
> of the original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted or
> referred to and incorporated into the brief in support of
> the objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.    **Transcript (applicable where proceedings tape recorded).**
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate finds that the tapes and original records in this
action are adequate for purposes of review.  Any party planning
to object to this recommendation, but unable to pay the fee for
a transcript, is advised that a judicial determination that
transcription is necessary is required before the United States
will pay the cost of the transcript.

Done this 20th day of April, 2011.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE